UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENITA GOVIA,

                    Plaintiff,                                    Civil Action No. **16-cv7442**

v.

                                                                  **COMPLAINT**

EVOLV  SOLUTIONS,  L.L.C.,  CARESS
GONZALEZ,      Individually,      ANTONIO
GONZALEZ,      Individually,      DANIEL
STROHMAN,     Individually,      ANDRES
MORALES, Individually

                    Defendants.

Plaintiff, DENITA GOVIA, through her attorney, Leandre M. John, Esq., hereby

complains of the Defendants, upon information and belief as follows:

## PRELIMINARY STATEMENT

Plaintiff complains pursuant to 42 U.S.C. §1981 and New York City Human Rights Law,

New York City Administrative Code § 8-502(a), et seq., and seeks damages to redress injuries

that Plaintiff suffered as a result of being discriminated against based on her race and sex,

sexually harassed, humiliated, emotionally and physically distressed, and ultimately retaliated

against by the Defendants.  After complaining of sexual harassment and racial discrimination as

evidenced by the constant and prevalent use of the word "**NIGGER**", said conduct continued

more blatantly.  The harassment and degradation of Plaintiff and her co-workers, based on

gender, race and national origin was pervasive.  Plaintiff even witnessed one of her co-workers,

an African American woman with a dark skin complexion being called a "**TURD**" by her

supervisor ANTONIO GONZALEZ, and in another openly referred to as a "**Crack Ho.**"

Plaintiff, in response to reporting these incidents along with other disturbing conduct, was

summarily terminated in retaliation.

## JURISDICTION AND VENUE

Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Venue is properly based in the Southern District of New York because it is within the judicial district of the Plaintiff's residence, Bronx County, and it within the district where the majority of complained of conduct took place, New York County.

## PARTIES

That at all times relevant hereto, Plaintiff DENITA GOVIA ("GOVIA") was an employee of Defendant EVOLV SOLUTIONS, L.L.C. and at all relevant times was and currently is a resident of the State of New York and Bronx County.

Defendant EVOLV SOLUITONS, L.L.C. ("EVOLV") is an information technology and document management company based in Overland Park, Kansas with operations in New York State as well as other jurisdictions. It is registered with the New York Department of State Division of Corporations as a "foreign limited liability company."

Defendant ANTONIO GONZALEZ ("A. GONZALEZ") was at all relevant times an employee and EVOLV and the Plaintiff's supervisor.

Defendant CARESS GONZALEZ ('C. GONZALEZ") was at all relevant times an employee of EVOLV and A. GONZALEZ' supervisor.

Defendant DANIEL STROHMAN ("STROHMAN") was at all relevant times an employee of EVOLV and Plaintiff's co-worker.

Defendant ANDRES MORALES ("MORALES") was at all relevant times an employee of EVOLV and Plaintiff's co-worker.

## FACTS

1.   Plaintiff began working for the Defendant EVOLV on or about November 2014 as a technician specializing in data collection, data entry and printer installation. This work required Plaintiff to work on-site with Defendant EVOLV's clients with co-workers from EVOLV.

2.   Plaintiff was immediately confronted with a company culture where salacious behavior was the order of the day.  Routinely women were referred to as "bitches" and male co-workers and the supervisor, Defendant A. GONZALEZ, openly discussed sexually explicit scenarios wherein they envisioned themselves in trysts with their female counterparts on a near daily basis.

3.   Defendant MORALES from the start of the Plaintiff's employment repeatedly and frequently used the term "NIGGER" in his conversations.  MORALES' conduct was not in any held in check by his supervisor. In fact, MORALES was emboldened by his close personal relationship with A. GONZALEZ to behave in any manner he wanted.

4.   Defendant EVOLV would assign a team of workers to work at a particular client site. It was a common practice for workers assigned to the same site to carpool together to that site and even sometimes eat breakfast and lunch together.

5.   One particularly cold winter day MORALES was driving with Plaintiff and another female co-worker in his vehicle. MORALES used this opportunity to proposition both Plaintiff and the other female co-worker going as far to suggest that they pull into the park and "make out."  MORALES was also driving erratically and upon reaching the client's site, in this case an NYPD police station, Plaintiff noticed

the smell of alcohol on his breath.  Subsequent to that incident MORALES, seemingly

in a way to explain his conduct, admitted to Plaintiff that he had been drinking, but

was merely memorializing the "anniversary of his father's death." However, this was

not the first time that Defendant MORALES has driven drunk, as Plaintiff learned of a

prior car accident while on company business that also involved alcohol.

      6.    When Plaintiff advised her supervisor, Defendant A. GONZALEZ, about

the incident regarding MORALES' conduct she was met with anger.  A.GONZALEZ

immediately and staunchly defended MORALES' conduct and stated that he could

personally vouch for him.   To Plaintiff's knowledge, nothing was done about

MORALES' use of derogatory names to describe African Americans and women, his

intoxicated driving, or his arriving on a client site intoxicated.

      7.    Plaintiff was also constantly harassed by co-worker STROHMAN on

several occasions without the matters being appropriately addressed. STROHMAN

consistently tried to grope Plaintiff in elevators, hallways, in cars.  Although EVOLV

was aware of this conduct, said conduct was not corrected or disciplined and the

Defendant CARESS GONZALEZ, the person in charge of corporate human resources

functions was quite familiar with his proclivity for sexual harassment. In an email sent

to the Plaintiff CARESS GONZALEZ coined the term **"PULLING A STROHMAN"**

to convey how frequent, constant and well known STROHMAN'S predatory sexual

harassment of his female co-workers was.

      8.    Even though Plaintiff advised STROHMAN that his advances on her were

unwelcomed he continued in his course of harassment unabated. On at least one

occasion STROHMAN kissed Plaintiff without permission or warning.   C.

required her to lift more than 50 lbs. nor administered a test to determine whether or not she could meet the physical demands for the printer installation. Apparently, the only actual test was whether the males in the group felt comfortable with a female technician installing printers.

12. Defendants' exclusion women on the printer installation team had a disparate impact on all the female technicians on the site. It equated into less work hours being available which lead to women being a group were able to earn less than their male counterparts for doing the same exact work. As the Defendant's work projects follow a progression, women would be excluded from the final phase of installation and would have their hours reduced or eliminated when the entire project reached the installation phase.

13. C. GONZALEZ is believed to be the Corporate Recruiting Coordinator and the supervisor of A. GONZALEZ. C. GONZALEZ was in a position to protect, or at least attempt to curb the harassment and discrimination endured by the Plaintiff. The current set of facts demonstrate that rather than execute her duties with some semblance of reasonable prudence, she merely did nothing but maintain the *status quo* of sexual harassment and discrimination in this workplace.

14. Having received no response from her employer regarding her claims of discrimination and sexual harassment, the Plaintiff sought out the EEOC. It was some time after Plaintiff contacted the EEOC that she was summarily called off of her work assignment and constructively discharged.

15. On June 8, 2015, the Plaintiff was told at approximately 1:00 p.m. by her supervisor, Defendant A.GONZALEZ, the same supervisor she claimed had sexually

GONZALEZ' response, thereby EVOLV's response, to the sexual harassment, racial and gender discrimination was to do absolutely nothing but brush it off as business as usual. Even more troubling and demeaning to Plaintiff was the fact that a woman could be so callous and dismissive of a sexual harassment complaint that she was endeared enough to the predator to give his deviant conduct an affectionate pet name.

9.   The discrimination Plaintiff faced at EVOLV was not only based on race, but also gender.  The projects that Plaintiff worked on were carried out in phases: a data collection, data entry, plan development and implementation.  Implementation is the phase that involves the actual installation of the printers.

10. In an effort to be proactive and learn all aspects of her new position, Plaintiff inquired as to training regarding printer installation as early as December 2014.   The response she received from her supervisor was disheartening.   A. GONZALEZ stated that although he did not have a problem allowing women to do installs that other male co-workers were not so open minded. He recalled an incident wherein a female member of a printer installation team dropped one of the printers and "messed it up" for women.  Plaintiff later learned that there was at least one male currently on the printer installation team that had broken several printers.

11. From this behavior it is clear that Defendant EVOLV discriminated against Plaintiff and all female employees by denying them appointment on the printer installation team.  This decision seems to have been based on the pre-conceived notion that women are unable to perform the same physical tasks as men when it comes to the installation of printers.   The job description only required the ability to lift 50 lbs., and Plaintiff was neither provided an explanation as to how the installation process

harassed and racially discriminated against her, to leave her workstation with the computer on the desk.

16. At the time she was not given a reason for being called off of her work assignment before it's completion.

17. Plaintiff made inquiry in writing to Defendant C. GONZALEZ regarding her no longer being assigned work. In response to these written inquiries, so as to leave no written trail, Defendant C. GONZALEZ would call Plaintiff back. This went on until C. GONZALEZ refused to communicate in any manner other than over the telephone.

18. Plaintiff's final telephone conversation with C. GONZALEZ took place on July 14, 2015 wherein she inquired as to whether she would be assigned more work and following up with regard to the claims of harassment and discrimination she had filed. Plaintiff stated that she was unhappy with her employer not doing anything with her claims of sexual harassment and discrimination and was going to move forward with them.

19. Seizing the opportunity to create a reason to terminate Plaintiff formally, even though she was actually terminated in retaliation for contacting the EEOC 5 weeks earlier, C. GONZALEZ sent a letter stating that she was being terminated for unprofessional conduct because she allegedly began to "scream and yell."

20. Plaintiff referred her claim to the EEOC and after the agency determined that Plaintiff's claims were legitimate, it tried without success to negotiate a resolution with the Defendant EVOLV without success.

21. In a letter dated June 27, 2016 the EEOC issued a Right to Sue letter.

22. Plaintiff has been unlawfully discriminated against, sexually harassed, as pervasive culture

23. Plaintiff was emotionally distressed by the ordeal she went through with the Defendants.

24. Defendant, after firing her in retaliation for her seeking redress for her discrimination and sexual harassment claims had the audacity to dispute Defendant's claims for unemployment. This further compounded the injuries that Plaintiff suffered.

25. Defendants' conduct has been malicious, willful, outrageous and conducted with full knowledge of the law. As such, the Plaintiff should be awarded Punitive Damages against the Defendants, jointly and severally.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

## FOR DISCRIMINATION UNDER TITLE VII

26. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

27. This action is authorized pursuant to the provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., for relief based upon the unlawful employment practices of the above named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment bases, in whole or in part, upon an employee's gender.

28. Defendants engaged in an unlawful employment practices prohibited by Title VII by discriminating against her based on her gender through denying her assignments to work functions deemed male only and through not addressing or

resolving her complained of sexual harassment.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION FOR DISCRIMINATION

### NYC HUMAN RIGHTS LAW

29.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein.

30.  At all relevant times the Plaintiff was a member of a protected class under The NYC Human Rights Law.

31.  Defendants violated the NYC Human Rights Law or The Administrative Code of City of NY §8-107 by maintaining discriminatory practices based on gender and actually engaging in discrimination against the Plaintiff.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION FOR DISCRIMINATION

### NYC HUMAN RIGHTS LAW

32.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein.

33.  The NYC Human Rights Law provides that :it shall be an unlawful practice to discriminate against an employee based on actual or perceived age, race, creed, color, national origin, gender, disability … or to discharge from employment such person or to discriminate against such person in compensation or in terms and conditions or privileges of employment." The Administrative Code of City of NY §8-107 (NYC HUMAN RIGHTS LAW)

34.  The Defendants violated the NYC HUMAN RIGHTS LAW when they created a hostile work environment that discriminated against her based on her race.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION FOR DISCRIMINATION

### (NYC HUMAN RIGHTS LAW- RETALIATION)

35.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein.

36.  The NYC HUMAN RIGHTS LAW prohibits retaliatory conduct against members of a protected class engaging in activities such as seeking redress of the employer's discrimination.

37.  As can be seen in the factual allegations, Defendants terminated the Plaintiff when she advised her employer that she was going to move forward with her complaints of sexual harassment and racial discrimination.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION FOR DISCRIMINATION

### 42 U.S.C. §1981

38.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein.

39.  The conduct complained of clearly violated 42 U.S.C. § 1981.

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION FOR DISCRIMINATION

### TITLE VII

40.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein.

41.  Title VII prohibits discrimination based on an employee's race.

42.  Defendant EVOLV violated Title VII by discriminating against her based

on her race.

43. As a result of the Defendants' conduct, Plaintiff has been injured monetarily, emotionally and has suffered greatly depreciated career prospects in the field of information technology.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court enter judgment in her favor and against Defendants as follows:

A. A declaratory judgment the business practices of Defendant EVOLV, were violative of Federal and New York State law with respect to claims alleged herein.

B. An order enjoining the corporate defendant and all individually named defendants from violating New York State and federal law with respect to racial discrimination;

C. An order enjoining the corporate and individually named defendants from violating New York State and federal law with respect to retaliation.

D. An award of back pay with respect to lost salary;

E. An award of front pay;

F. An award of compensatory damages

G. An award of punitive damages;

H. An award of attorney's fees;

I. An award of prejudgment interest;

J.   An ward of costs and disbursements

K.   Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury by a jury in this action on all claims that are

triable by jury.

Dated: Saint Albans, New York
       September 23, 2016

Respectfully Yours,

By:_____
    Leandre M. John, Esq. (LJ7888)
    185-06 Murdock Avenue
    Saint Albans, New York 11412
    (718) 473-5844
    leandrejohnesq@gmail.com
    Counsel for Plaintiff